Fuller and others agt. Lewis.

---

# SUPREME COURT.

LEWIS F. FULLER, WM. H. DAYTON and WM. H. WILSON agt. JOHN LEWIS.

A complaint must state *all the issuable facts* constituting the cause of action.

In an action for the recovery of possession of personal property, a *demand and refusal* are necessary, wnere the defendant becomes possessed of the property by the delivery of the wrong-doer, and merely detains it.

And this is applicable to a defendant in possession, who is assignee of the wrong-doer, in trust for creditors.

*New-York Special Term, Oct.,* 1856.

DEMURRER to the complaint.

The action was for the recovery of possession of perso⌐

Fuller and others agt. Lewis.

property. It was objected that the complaint did not show a demand and refusal from defendant.

—— RUSSELL, *for defendant.*
HAWLEY & GLOVER, *for plaintiffs.*

CLERKE, Justice. According to the Code, (§ 142,) every complaint must contain the facts constituting the cause of action—meaning, of course, all the issuable facts. Therefore, if a demand and refusal are issuable facts, material to the maintenance of the action, whatever might have been the former rule on the subject, they must now be stated in the complaint.

It appears to me beyond question, not only to be a well es-tablished, but a wise and just rule, that when personal property—the subject of the action—has come into possession of the defendant *by the delivery of the wrong-doer*, it is necessary, where the defendant merely detains it, to prove that he has refused to deliver it up upon demand by the plaintiff. (*See Ely* agt. *Ekle*, 3 *Com.* 508; *Barrett* agt. *Warren*, 3 *Hill*, 350, 351.) And it matters not what was the nature or character of the fraud, by which the property was originally obtained from the plaintiffs, or in what character, or in what manner it was delivered to the defendant, if no fraud or complicity in the transaction can be imputed to him.

In the present case, nothing of this kind is alleged in the complaint; and although he is an assignee of the original wrong-doer in trust for creditors, he was as well entitled to have an opportunity of considering and determining whether he should restore the property to the plaintiffs, as any other inno-cent transferee of the property.

I think, therefore, the demurrer to be well taken. Judgment for defendant, with costs of term, with liberty to plaintiffs to amend on payment of costs.