PETERSEN v. OCHS ET AL.

1. **Instruction:** PRACTICE. If the finding of the jury is in conflict with an instruction, the judgment will be reversed, without determining the correctness of the instruction.

2. **Evidence:** VARIANCE. In an action upon a contract alleged in the petition to have been parol, evidence of a written contract is not admissible, and the rule is not varied by the fact that the written instrument is lost.

*Appeal from Scott District Court.*

SATURDAY, JUNE 12.

ACTION at law. There was a verdict and judgment for plaintiff. Defendants appeal. · The facts of the case appear in the opinion.

*Brown, Campbell & Gould*, for appellants.

*W. A. Foster*, for appellee.

BECK, J.—The petition, for a cause of action, alleges in the first count that defendants represented themselves to plaintiff as the agents of the Iowa Railroad Land Company, which owned certain lands in Crawford county, that these lands, consisting of 1,300 acres, were held by the owner for sale and the lowest price for which they would be sold was .$7 per acre, which was the fair value thereof, that the terms of sale were $1,400 cash, $1,000 in one month, and the balance in installments; that defendants were authorized to sell the lands at that price and no less, and bind the company owning them by a contract and sale, and that plaintiff, relying upon the statements of defendants, and believing the same to be true,

entered into a contract for the purchase of the lands with defendants as agent of the company, and made the cash payments required by the terms above stated. It is further averred that these representations were false, and so known by defendants; that the prices the land company had fixed upon the lands, and at which they were offered for sale were $5 and $6 per acre, and that defendants purchased the lands of the owner at the prices last named, and took the contract in the name of one of their number, and assigned and delivered the same to plaintiff before he had any knowledge of the frauds charged in the petition. The petition also sets up in a second count a verbal agreement wherein defendants undertook to pay plaintiff the sum of $1,400, being the difference between the price of the land as fixed by the company and that at which it was sold to plaintiff. ·

The defendants deny the allegations of the petition, and plead a settlement of the matters involved in the action, and a discharge thereby.

I. There was evidence tending to support the allegations of the first count and to prove that the land purchased by plaintiff was of less value than $7 per acre, the price paid, and there was uncontradicted proof that plaintiff had visited, and personally inspected the property before the purchase. The court instructed the jury that, to authorize a verdict for plaintiff, they must find that the lands were not worth, the price he agreed, in the purchase, to pay for them, and that if he personally examined the land before the purchase he should be regarded " as having exercised his own judgment in estimating their value; and as having made the purchase from his own personal knowledge of the land, · and having undertaken to buy on his own judgment," and " so far as the abstract question of value is concerned, he is concluded by his own act in examining and judging, and if the land is in fact of less value, the fault is in his own error of. judgment and he cannot complain." 

1. INSTRUCTION: practice.

The instruction last quoted modifies the other one, so that the law as given to the jury by the court does not authorize recovery by plaintiff, if he had personal knowledge of the value of the

land. The correctness of these instructions is not brought in question upon this appeal. We are not required to examine them with a view to determine their soundness. Under these instructions there was no evidence which authorized the jury to find for plaintiff. It is an undisputed fact that the plaintiff did visit and personally examine the land. The jury were therefore required to find under the instruction that he bought the land upon his own judgment as to value, and therefore was not entitled to recover. The finding for plaintiff upon the first count of the petition is in conflict with the evidence, and cannot be supported.

II. As has been stated above, the second count is based upon an *oral* contract of settlement. The plaintiff was .per-

2. EVIDENCE: mitted to introduce evidence showing a *written*
variance. contract against defendant's objection. Upon the fact being disclosed that the agreement had been reduced to writing, defendants moved to exclude the evidence given of its purport and effect. This the court refused to do on the ground, as is stated in the abstract, that the evidence showed the instrument to be lost. This ruling was incorrect. The count under which the evidence was introduced is based upon an *oral* agreement. Plaintiff could not recover thereon by proving a *written* contract. The variance between the allegation and proof was fatal. The fact that the instrument was lost does not authorize proof, either of its contents or purport and effect, to be given under the count setting up a verbal agreement. The contract having been reduced to writing should have been declared upon as such, and if lost proof thereof would have been required under the familiar rules of evidence. There was no other evidence given to support the allegations of the second count as to the contract, or rather there was no evidence at all of the verbal contract declared upon. The verdict, therefore, cannot be supported upon this count.

Other questions involved in the case need not be considered, as, for the errors pointed out, the judgment must be

REVERSED.