## KNOWLTON v. LENDRUM.

REPLEVIN: SALE: PLEADING.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 21.

ACTION of replevin to recover possession of a reaper and mower. The cause was tried to the court without a jury, and judgment was rendered for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*Phillips, Goode & Phillips* and *Lowry W. Goode,* for appellant.

*Seward Smith* and *R. N. Baylies,* for appellee.

BECK, J.—I. The petition alleges "that plaintiff is the full and unqualified owner of the property," and that he was in possession thereof until it was seized by defendant as sheriff, upon an execution issued upon a judgment against one C. Enderlie. The plaintiff claims to recover possession upon the ground of his ownership, and no other. The answer sets up the seizure of the property upon an execution against Enderlie, and alleges that it was owned by him, and is subject to levy for his debts. The issue thus presented involved the ownership of the property.

II. The plaintiff insists that the judgment of the Circuit Court is not supported by the testimony. Upon the question of ownership of the property there was conflict. Enderlie purchased a reaper from plaintiff, who was engaged in the manufacture of such implements, and executed two notes therefor. There was evidence tending to show that the machine was set apart for Enderlie, who was requested to take it away; but he neglected or refused to do so, and it remained in possession of plaintiff's agent until seized by the sheriff. Neither of the notes were returned to Enderlie, and suit was brought on one of them. He made efforts to induce plaintiff's agent to give up the notes and keep the reaper. We think the court below may well have found that there was a sale of the reaper, and that the agent of plaintiff retained possession thereof for Enderlie, and not as the property of plaintiff; at all events such a finding is not so against the evidence as to authorize us to set aside the judgment.

III. Counsel for plaintiff insist that the judgment is in conflict with the evidence, for the reason that plaintiff was entitled to the possession of the property under a lien secured to him by reason of Enderlie's insolvency. It may be possible that plaintiff held such a lien; but the difficulty is, he failed to set it up in his pleadings. He seeks in his petition to recover upon the sole ground·of his absolute ownership of the property; he cannot recover possession of the property in this action upon evidence showing that he holds a lien thereon. No rule of the law is more familiar than the one here applied. The judgment of the Circuit Court is

AFFIRMED.