(33 Misc. Rep. 280.)

### BERNSTEIN v. WARLAND et al.

(Supreme Court, Special Term, Kings County. December, 1900.)

1. TROVER AND CONVERSION—COMPLAINT—SUFFICIENCY.
    In an action for conversion, a complaint alleging that he caused the goods to be unlawfully and wrongfully taken and carried away, but which does not allege that defendant converted the goods to his own use, is de- murrable, as it does not state a conversion.
2. SAME—DEMAND AND REFUSAL.
    A complaint in an action for conversion of goods is not demurrable be- cause it does not allege demand and refusal, since they are matter of evidence, and not of pleading.

Action by Barnett Bernstein against William E. Warland and oth- ers for conversion. Demurrer to the complaint sustained.

Sol. C. Bernstein, for plaintiff.
William E. Warland, for defendants.

GAYNOR, J. Instead of the sufficient and scientific allegation that the defendants unlawfully took or detained from the plaintiff and converted to their own use the chattels described, to his damage, etc., leaving all evidence for the proper time and place, i. e., the trial, the complaint abounds in useless verbiage. It alleges that the de- fendant Warland is an attorney at law, and as such "was the attor- ney and legal adviser of the defendant" corporation "as to all the facts and matters hereinafter mentioned." It afterwards alleges that "as such attorney at law" he "requested, directed, advised and caused" the other two defendants "to unlawfully and wrongfully take and carry away the said goods above mentioned." And then it alleges by the next numbered paragraph that the other two de- fendants "did unlawfully and wrongfully take and carry away the said goods, and convert them to their own use," to the plaintiff's damage, etc.

It is difficult to imagine what could have induced the learned pleader to go into this description of the defendant Warland, and allege that he acted "as such attorney." He must have been trying to see how near he could come to making the complaint demurrable. The defendant Warland now contends that the complaint by these allegations shows that he is not liable; for where an attorney at law "acts only in the execution of the duties of his calling or profession, and does not go beyond it, and does not actually participate in the trespass, he is not liable, though what he does may aid another party in its commission." Ford v. Williams, 13 N. Y. 577.

But the allegation that he "caused" the other two defendants "to unlawfully and wrongfully take and carry away the said goods," seems to be an allegation that he was a party to such taking and carrying away, and suffices provided it amounts to an allegation of conversion. I do not think it does. "As the conversion is the gist of the action, it must necessarily be stated in the declaration. It is simply averred that the defendant converted the goods to his own use." 1 Chit. Pl. 181. This has always been and still is so. I find no instance to the contrary. If the complaint does not in some form of words allege that the defendant converted the goods to his own use it does not allege a conversion. This complaint has no such allegation against the defendant Warland. It may allege a trespass, but it does not allege a conversion against him. Chattels may be wrongfully taken and carried away, and still not be converted. That they were so taken and carried away is evidence going to make out a conversion. But we are not dealing with a question of evidence, but with a question of pleading. They may have been restored on demand or otherwise, or they may have been converted. The latter cannot be presumed, nor can the former, either. No presumption is allowed on the subject. The conversion cannot be found unless pleaded. The allegation following in a separate numbered paragraph is only that the other two defendants "converted" the goods to their own use.

I do not think the complaint insufficient for failing to allege a demand by the plaintiff of the defendant for the chattels and a refusal. There is no allegation in the complaint that the plaintiff was in possession of the chattels, or that they were taken from his possession, but the allegation is that the plaintiff "was the owner by virtue of a chattel mortgage and entitled to the possession" of them, and that they were at a place named, and were taken and carried away. It would therefore appear that the complaint is not for a wrongful taking from the plaintiff but only for a wrongful detention. But even so, it is not and never was necessary in such a case to allege in the declaration or complaint a demand and refusal. Such demand and refusal is not a matter of pleading but a matter of evidence. The complaint has to allege a wrongful conversion, and that may be made out on the trial by proving a demand and refusal where there was not a wrongful taking but only a wrongful detention. It "may" be, but it is not always necessary that it should be. If the defendant got possession lawfully, such demand and refusal is necessary to prove a conversion, unless the defendant has already wrongfully ap-

propriated or disposed of the chattels, i. e., converted them to his own use, in which case it is not necessary; "the sole object of a demand being to turn an otherwise lawful possession into an unlawful one, by reason of a refusal to comply with it, and thus to supply evidence of a conversion." Pease v. Smith, 61 N. Y. 477. To demand the chattels after they have already been wrongfully converted would be idle. A refusal to deliver them is never necessary when the conversion has already taken place and may be otherwise proved. La Place v. Aupoix, 1 Johns. Cas. 407; Kelsey v. Griswold, 6 Barb. 436; Esmay v. Fanning, 9 Barb. 176; Simser v. Cowan, 56 Barb. 395; Hallet v. Carter, 19 Hun, 629; Collins v. Ralli, 20 Hun, 260; Boyce v. Brockway, 31 N. Y. 490. It would be strange indeed to hold a complaint for a wrongful conversion demurrable for lack of an allegation of demand and refusal, when it may not be necessary to prove a demand and refusal at all. And it would be quite as strange to hold that a demand and refusal must be pleaded in order to be proved. It would be the same as holding that any other evidence must be pleaded in order to be given at the trial. The contrary is suggested now and then, but only because a matter of evidence is inadvertently mistaken to be a rule of pleading, as in Fuller v. Lewis, 13 How. Prac. 219. As Judge Barnard said in the replevin case of Siedenbach v. Riley, 36 Hun, 211, with his usual keen comprehension: "There was no need of an amendment of the complaint in respect to a demand. An averment in a complaint that the defendant unlawfully detains the plaintiff's property is made out by proof of a demand. It is never necessary to plead the evidence." Chitty states the rule of evidence of a demand and refusal being sometimes necessary to make out an unlawful detention and conversion, but he does not say that the complaint must allege such demand and refusal. On the contrary, he gives forms for complaints for cases of detention, and they contain no such allegation. 2 Chit. Pl. 621. In a word, the demand and refusal was never a requirement of pleading, but of evidence only.

It seems, however, that with us a demand and refusal is now said to be a necessary allegation in an action of replevin where the allegation is not of a wrongful taking but of a wrongful detention. How this can be so I confess I cannot see. Such demand is said to be made necessary by section 1721 of the Code of Civil Procedure in respect of the complaint in such an action, viz.:

"Where the complaint contains a sufficient statement of the plaintiff's title, a general allegation, that the defendant wrongfully took the chattel, is sufficient, without setting forth the facts, showing that the taking was wrongful. Where the taking of the chattel is not complained of, but the action is founded upon its wrongful detention, the complaint must set forth the facts, showing that the detention was wrongful."

In Scofield v. Whitelegge, 49 N. Y. 259, after fully discussing the question, and showing that the last sentence in this section requires in such a complaint allegations showing the plaintiff's title to or special property in the chattels, so that it may appear that it is unlawful to detain them from him, Judge Folger further says without any discussion or apparent consideration of the matter, "that the

same considerations are applicable to the lack of the averment of a demand and refusal; if the plaintiff's case is to depend upon a wrongful detention, without a wrongful taking in the first instance." It is not easy to see that this Code provision intended to make any such change in pleading; and a learned bar has not been satisfied with this observation of Judge Folger; but it seems sometimes to be taken not as a dictum but for the decision of the court. Seifret v. Kraft, 13 Civ. Proc. R. 321. This latter case cites Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. 404, as authority for the proposition, but on reference to it it will be found that it presented a failure of "proof" of a demand and refusal, and not a question of "pleading" at all. But if this Code provision makes such change in respect of an action of replevin in the detinet, there is no such statute provision in respect of similar actions for a conversion, and I do not feel that I ought to add such a requirement of pleading, and thereby change a form of pleading which has been sufficient from the beginning. To hold a complaint demurrable for not alleging a demand and refusal, although there may be no need to prove it, as we have seen, would be strange indeed. Could Judge Folger have meant such a thing? Such a view in respect of actions of replevin can only be based on the notion that such an action lies only when the defendant still has possession of the chattels, and has not yet converted them, and can return them. But that is not so. The judgment in such an action is in the alternative, that the defendant return the goods or pay their value. The right to bring the action does not depend on whether the plaintiff still has possession of the chattels.

The demurrer is sustained.