E. J. HIMMELMAN, Appellant, v. DES MOINES INSURANCE COMPANY, ET AL., Appellees.

Conversion of insurance policy and proceeds: EVIDENCE. In an action for conversion the plaintiff must establish his ownership of the property and that defendant has appropriated the same to his own use, or is exercising dominion over the same to the exclusion of plaintiff's rights. In the instant case the evidence is held insufficient to establish conversion of an insurance policy and the proceeds thereof as against the company and its agent, no appropriation by defendants being shown.

Action: CHANGE OF FORM ON APPEAL. Code Section 3601, which provides for a disregard of any error in a proceeding which does not affect a substantial right, does not obliterate forms of actions so as to enable one who has brought his suit for conversion and tried it on that theory, to have it determined on appeal as for money due on contract.

*Appeal from Woodbury District Court.*— HON. F. R. GAYNOR, Judge.

FRIDAY, JANUARY 11, 1907.

THE opinion states the case.   At the close of the evidence for both parties, there was a directed verdict and judgment in favor of defendants, and plaintiff appeals.— *Affirmed.*

*Wilbur Owen,* for appellant.

*Read & Read* and *M. J. Sweeley,* for appellees.

BISHOP, J.— There was warrant in the evidence for the finding of a state of facts as follows:   In August, 1903, A. Hoyer, doing business at Oto, this State, took out a policy of fire insurance in the defendant company insuring his stock of goods in the sum of $500.   The policy was taken out through the defendant M. A. Clark, a recording agent of the company at Sioux City.   On March 7, 1904, the insured property was destroyed by fire.   Hoyer was at the time indebted to plaintiff in a sum exceeding $500, and on March 9, 1904, he executed and delivered to plaintiff a writing as follows: " For value received I hereby sell, assign, transfer insurance policy [describing it by number, date, etc.] to E. J. Himmelman of Sioux City [Signed] A. Hoyer."   At the time of the delivery of such writing the policy was in a safe in the burned building and inaccessible.   Plaintiff gave oral notice to Clark of the assignment and exhibited to him the writing which he read.   Clark thereupon promised that, when the loss had been adjusted and the money came, he would pay it over to plaintiff.   No attempt was made by plaintiff to otherwise notify the company of the assignment, and Clark did not report the notice thereof given to him. Hoyer made proofs of loss, and the adjustment which followed fixed the damage at the face amount of the policy. At the time of such adjustment Hoyer delivered the policy to the company's adjuster.   Thereafter the company sent to Clark a draft for the amount payable to Hoyer, and this

1. CONVERSION OF INSURANCE POLICY AND PROCEEDS: evidence.

was delivered to the latter who in turn receipted in full for the loss under the policy, and such receipt was sent by Clark to the home office of the company at Des Moines. On discovering that payment had been made to Hoyer, plaintiff brought this action against both the company and Clark, and the allegation is of a wrongful and fraudulent conversion of said policy " and the proceeds thereof and money due thereon," and in failing and neglecting to pay the same to plaintiff. The value of the policy is alleged to be $500, and judgment is demanded against both defendants for that sum. One of the grounds of the motion for a directed verdict was that no case of conversion had been made out. And, as we think the motion was well taken on such ground, we may confine our attention thereto.

Necessary to an action for conversion is ownership on the part of plaintiff, and it must be made to appear that defendant has in some way appropriated the property to his own use and beneficial enjoyment, or that he is exercising dominion over it in exclusion or defiance of plaintiff's right. Cooley on Torts, 448; Bigelow on Torts, 428. Looking first to the policy itself, if it be conceded that the writing executed by Hoyer to plaintiff was sufficient to invest the latter with the right to control settlement thereunder, and to collect to his own use the proceeds hereof, still there was no conversion. As we have seen, the policy was given by Hoyer to the company's adjuster. What was done with the instrument does not affirmatively appear, but we may presume that the adjuster sent it to the home office with his report; this because it would have been the natural thing to do, and for the further reason that the instrument with a cancellation slip attached was produced on the trial by the attorneys for defendants. In any event there had been no demand for delivery thereof to plaintiff, nor had there been expressed to plaintiff any denial of his rights. But apart from this, the policy was no more than the evidence of the company's obligation; that it had evidentiary

value may be true, but otherwise it was of no importance. If then it could be said that the company obtained possession thereof wrongfully, or even had there been a refusal to deliver the same on demand, still, it would not be possible to say of the situation that here was a conversion. The mere possession of the policy, whether as the result of accident or design, could not operate to change, much less extinguish, the liability of the company thereon. This is but the statement of an elementary principle. And accordingly plaintiff's rights were in all respects the same as though the policy was in fact in his own possession. He might demand payment, which being refused, he might proceed to sue, and, if found entitled, collect the full amount of the obligation as expressed in the policy. And this right would not be affected in the least by the fact that the company had assumed to attach a cancellation slip to the policy. All this seems too clear to make necessary that we search out authorities to fortify the conclusion reached.

It is equally clear that there was no conversion of the proceeds of the policy or of the money due thereon. Plaintiff had no property right in the money represented by the draft sent to Clark; that was the property of the company, at least until delivered to Hoyer, the payee named therein. But, aside from this, it was a matter of no moment to plaintiff that the company should send a draft to Hoyer, even though the expressed purpose thereof was to extinguish its liability on the policy. As already pointed out, if plaintiff was in fact the owner of the policy and entitled to be paid the amount due thereon according to the adjustment of the fire loss, his right could not be abridged by any independent act of the company, and this no more by payment of money to some other person than by obtaining possession of the policy and cancelling or destroying the same. If defendants did not even abridge any right by which in law plaintiff was clothed they certainly could not be guilty of conversion.

In apparent apprehension of the view possible to be taken by us as above expressed, counsel for appellant advance the further argument that the suit should be regarded as one to recover on the policy as of a debt due

**2. ACTIONS: change of form on appeal.**

and payable. This we cannot do. A party to an appeal may not thus mend his hold in this court. The petition stated a cause of action as for conversion — this at best — and the cause was tried in the court below and determined on the theory that it was an action for conversion. This being true, plaintiff must recover upon the case made by him, or not at all. *Bond v. Railway,* 67 Iowa, 716; *Bank v. Crosley,* 86 Iowa, 633; *Schrader v. Hoover,* 87 Iowa, 654. Section 3601 of the Code does not, as counsel seems to assume, obliterate all difference between kinds of actions. One may not declare upon a conversion and have recovery as upon a contract or agreement to pay. *Knowlton v. Lendrum,* 54 Iowa, 756; *Peterson v. Ochs,* 40 Iowa, 530.

We conclude that there was no error in the judgment, and it is *affirmed.*