Submitted on briefs February 17, affirmed March 4, 1919.

HART *v.* OREGON LAUNDRY CO.

(178 Pac. 932.)

**Trover and Conversion — Right of Action — Nature and Scope of Remedy.**

1. To maintain an action of trover and conversion, there must have been unlawful assumption of dominion over the chattel by defendant, in defiance of plaintiff's rights or a withholding of possession from the plaintiff, under a claim of right or title inconsistent with that of plaintiff.

**Chattel Mortgages—Title of Mortgagee.**

2.   Until condition broken, a chattel mortgage does not transfer title to mortgaged property, but is merely a lien.

**Chattel Mortgages—Acts Constituting Conversion.**

3.   Where an automobile mortgaged to plaintiff was, under a writ of attachment, levied upon according to Section 300, L. O. L., by defendant constable, who placed a lock upon it, but did not remove same, and the attachment was afterwards released upon payment of the debt, the act of the constable was not in derogation of plaintiff's rights, and did not constitute a conversion.

**Chattel Mortgages — Conversion of Goods — Attachment — Remedy of Mortgagee.**

4.   Where a chattel mortgage provides that if the chattel be attached, the note shall become due and foreclosure be had as prescribed by Section 7410, L. O. L., the mortgagee is restricted to foreclose as provided in Section 7411, L. O. L., and in case of attachment secures no alternative right to sue in damages as for a conversion, unless his rights are impaired or destroyed by the act complained of.

[As to right of defendant, who has mortgaged chattels, to move to dissolve attachment thereof, see note in Ann. Cas. 1916D, 479.]

From Multnomah: GEORGE W. STAPLETON, Judge.

In Banc.

From the record we condense the following statement of facts in this case: The plaintiff had a chattel mortgage on an automobile owned by his brother, to secure the latter's note for $400, payable on or before two years after August 8, 1916.   The mortgage contains this provision:

"But in case * * said property * * be seized or attached or levied upon * * then the said promissory note shall at once become due and payable, and this mortgage may be foreclosed in the manner provided by law for the foreclosure of such chattel mortgages as do not provide within themselves the manner of foreclosure, and the consideration of which does not exceed the sum of $500."

Seeking to recover from the mortgagor a small laundry bill, the defendant company brought an action against him, in which a writ of attachment was duly issued and placed in the hands of the defendant con-

stable, who on March 27, 1917, levied upon the automobile by placing a lock upon it and leaving it in the mortgagor's garage. It was never moved from there at any time. The plaintiff says that immediately after the levy he demanded of the defendants that the automobile be delivered to him forthwith, which demand was refused. The machine was valued at $610, for which amount the plaintiff demands judgment as damages, together with interest and $45 as an attorney's fee in the prosecution of this action of trover and conversion. The original complaint was filed March 31, 1917. On April 12th the mortgagor paid his debt to the laundry company and the attachment was immediately released. The amended complaint, upon which the cause was tried, was filed two days thereafter.

A demurrer to the complaint was overruled and the defendants, admitting the corporate nature of the company and the official character of the constable, denied all the other allegations of the complaint. Further defending, the answer recited the history of the attachment, the payment of the claim by the defendant in the writ and the release of the property, but a demurrer was sustained to the new matter and the case was tried before the court without a jury, on the general issue. The facts were stipulated and embodied in the findings. The legal conclusion was that the action of the constable did not amount to a conversion of the property in the sense of furnishing the basis for trover and conversion, and the judgment was that the action be dismissed. The plaintiff appeals.     AFFIRMED.

For appellant there was a brief submitted by *Mr. George Estes, Mr. J. H. Hobart,* and *Mr. E. M. Morton.*

For respondents there was a brief presented by *Messrs. Hall & Lepper.*

BURNETT, J.—1. In speaking of trover and con-
version in *Cooper* v. *Chitty*, 1 Burr. 31, quoted with
approval by Mr. Justice SLATER in *Swank* v. *Elwert*,
55 Or. 487 (105 Pac. 901), Lord MANSFIELD said:

"No damages are recoverable for the act of taking;
all must be for the act of converting. This is the tort
or *maleficium,* and to entitle the plaintiff to recover
two things are necessary: First, property in the
plaintiff; secondly, a wrongful conversion by the de-
fendant."

Further, Mr. Justice SLATER says in the latter case:

"In this state conversion has been defined as a deal-
ing by a person with chattels not belonging to him, in
a manner inconsistent with the rights of the true
owner."

In *Lee Tung* v. *Burkhart,* 59 Or. 194 (116 Pac. 1066),
the plaintiffs were engaged in mercantile business and
had a stock of goods in the building of the defendant
under a lease yet unexpired by three years. The city
authorities had condemned the structure and ordered
it to be torn down, but the plaintiffs refused to remove
their property, whereupon the defendant landlord took
out the goods and stored them in a public warehouse
for the account of the plaintiffs. After a thorough
examination of the authorities the opinion by Mr. Jus-
tice BEAN lays down the rule thus:

"In order to maintain an action for conversion,
there must have been, on the part of the defendant,
some unlawful assumption of dominion over the per-
sonal property involved, in defiance or exclusion of the
plaintiffs' rights, or else a withholding of the posses-
sion from the plaintiffs, under a claim of right or title
inconsistent with that of the plaintiffs."

The removal of the goods was held not to be an act
of conversion.

In *Himmelman* v. *Des Moines Ins. Co.,* 132 Iowa, 668 (110 N. W. 155), the court said:

"If the defendants did not abridge any right by which in law plaintiff was clothed, they certainly could not be guilty of conversion."

In *Manning* v. *Brown,* 47 Md. 506, the circumstances were somewhat similar to those of *Lee Tung* v. *Burkhart,* 59 Or. 194 (116 Pac. 1066), and the court said:

"There was no evidence whatever of any intention on the part of the defendants to take to themselves the property in the goods or in any manner to deprive the plaintiff of them. To entitle him to recover in trover such proof would have been required."

The rule is thus stated in *Spooner* v. *Holmes,* 102 Mass. 503 (3 Am. Rep. 391):

"Trover cannot be maintained without proof that the defendant either did some positive, wrongful act with the intention to appropriate the property to himself or to deprive the rightful owner of it, or destroyed the property."

It is stated in *Evans* v. *Mason,* 64 N. H. 98 (5 Atl. 766), that:

"It is not every wrongful intermeddling with, asportation or detention of another's goods that amounts to conversion. To constitute a conversion of chattels there must be some exercise of dominion over the property in repudiation of or inconsistent with the owner's rights."

In *Jordan* v. *Greer,* 5 Sneed (Tenn.), 165, a woman was preparing to sue her husband for a divorce and for the purpose of laying a basis in her complaint to sustain a demand for alimony, she took a pocketbook containing some promissory notes belonging to him and carried them to the defendant, who took a memorandum of them as data for the preparation of her

complaint.   He charged the wife to replace the notes where she found them and she went away with them. They were afterwards found where they had been thrown over into the door-yard of a neighbor and were damaged by the rain.   The owner sued the defendant who took the memorandum, in trover.   The court, however, said in deciding against the contention of the plaintiff:

"There is nothing in the proof to show that the defendant was guilty of any interference with the notes, further than was necessary to take a list of them to be used in the bill they were then preparing, which was a legal purpose."

In *Frome* v. *Dennis,* 45 N. J. Law, 515, quoting with approval from the opinion of Mr. Justice DEPUE in *Woodside* v. *Adams,* 40 N. J. Law, 417, it was said that:

"To constitute a conversion of goods, there must be some repudiation by the defendant of the owner's right, or some exercise of dominion over them by him inconsistent with such right, or some act done which has the effect of destroying or changing the quality of the chattel."

2, 3. The question to be determined here is whether or not the act of the constable representing the plaintiff in the writ was in derogation of, or hostility to, the rights of the plaintiff to the extent of being a conversion of the chattel.   Until condition broken, a chattel mortgage, does not transfer title to the mortgaged property, but is merely a lien: *Ayre* v. *Hixson,* 53 Or. 19 (98 Pac. 515, Ann. Cas. 1913E, 659, 133 Am. St. Rep. 819).   When the writ of attachment was issued, therefore, the property in the automobile was vested in the mortgagor, who was also the defendant in the writ. It was, therefore, subject to attachment and the officer

and the company he represented were within the strict limits of their rights in attaching the property. It was not in the possession of a third person, but was in the custody of the defendant in the writ. Hence, the rule laid down in Section 300, L. O. L., respecting the manner in which such a process shall be levied applies as follows:

"Personal property capable of manual delivery to the sheriff and not in the possession of a third person shall be attached by taking it into his custody."

As the mortgage was of record, the legal effect of attaching the property was not in derogation of, but in subordination to the plaintiff's claim of lien upon the property.

4. It is true, the mortgage provides that if the chattel be attached or levied upon, the note shall become due and the mortgage may be foreclosed in the manner provided by law for the foreclosure of such instruments as do not provide within themselves the manner of the foreclosure, and the consideration of which does not exceed $500. Section 7410, L. O. L., reads thus:

"Whenever the condition of any mortgage of goods and chattels shall be broken, the mortgagee shall be entitled to the immediate possession of the mortgaged property, and when after breach of the condition of any such mortgage the possession of the mortgaged property shall not be delivered up to the mortgagee upon demand by him or by any person duly authorized by him to make such demand of the person or persons having such mortgaged property in possession, the mortgagee may recover the possession of such mortgaged property in the manner provided by Chapter II of Title IV of the Code of Civil Procedure."

This section provides a means of recovering the possession of a particular class of property, namely, that subject to a chattel mortgage, the condition of which

has been broken.   It grants a peculiar statutory privilege and is not to be expanded so as to give the mortgagee in such cases an alternative right to sue in damages as for a conversion, unless the act complained of shall amount to a dispute of or destruction of the mortgagee's rights, or he is impeded in the exercise of them.   Section 7411 reads thus:

"Whenever in any mortgage of goods and chattels the parties to such mortgage shall have provided the manner in which such mortgage may be foreclosed, such mortgage, upon breach of the conditions thereof, may be foreclosed in the manner therein provided, and not otherwise; and if in any such mortgage the manner in which the same may be foreclosed shall not be provided, then upon breach of the conditions thereof, in case the consideration of such mortgage shall not exceed the sum of $500, the same may be foreclosed, and the mortgaged property sold by the sheriff or any constable of the county in which such mortgage has been filed, upon the written request of the mortgagee, his agent, or attorney, upon such notice, and in the manner provided by law for the sale of personal property upon execution; and if the consideration of such mortgage shall exceed the sum of $500, the same may be foreclosed by an action at law in the Circuit Court of the county in which such mortgage may have been filed."

By reference to this statute, therefore, the mortgage does provide how it may be foreclosed, which is in the manner prescribed in the section last quoted and consists in giving a written request by the mortgagee to the sheriff, who, armed with such a writing, shall sell the property as upon execution against personal property.   It is not pretended that the plaintiff adopted this method of exercising his right to the property, yet that is what was required by the terms of the instrument under which he claims.   By accepting the mortgage he restricted himself to that procedure.   If he

had placed in the hands of the sheriff the written request described in this section and that officer had been resisted in his effort to take the property for sale upon execution as personalty, a different question would be presented. The record does not disclose any resistance to or interference with the exercise of the plaintiff's right thus to foreclose his mortgage and realize upon his security. Hence, under the authorities cited he suffered no wrong.

Further, as stated in *Lee Tung* v. *Burkhart,* 59 Or. 194 (116 Pac. 1066):

"In actions in the nature of trover, the general rule of damages is the value of the property at the time of the conversion, diminished, when the property has been returned to and received by the owner, by the value of the property at the time it was returned." (Citing *Austin* v. *Vanderbilt,* 48 Or. 206 (85 Pac. 519, 120 Am. St. Rep. 800, 6 L. R. A. (N. S.) 298, 10 Ann. Cas. 1123); *Gove* v. *Watson,* 61 N. H. 136; *Spooner* v. *Manchester,* 133 Mass. 270 (43 Am. Rep. 514).

In view of the fact that the automobile was never removed from the place in which it stood when the writ was served, and that the attachment was discharged two days before the amended complaint was filed, the record does not disclose that the plaintiff experienced any damage to himself on account of the actions of the defendants. For these reasons, the Circuit Court was right in its decision. To hold otherwise would be to say that chattel mortgaged property is exempt from execution or attachment for the mortgagor's debts.

The judgment of the Circuit Court is affirmed.

AFFIRMED.