SAMUEL CHANDLER, JR., Respondent, *v.* P. W. CHAPMAN & Co., INC., Appellant.

*Conversion — action to recover for conversion of shares of stock — allegation that plaintiff owned stock during months of " January and February, 1926," alleges ownership on February 16, 1926, date of conversion — not necessary to allege demand for return of stock.*

Appeal from an order of the Supreme Court, made at the Queens Special Term and entered in the Queens county clerk's office on July 26, 1926, denying defendant's motion under rule 106 of the Rules of Civil Practice to dismiss the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.

Order denying motion to dismiss complaint on the ground that it does not state facts sufficient to constitute a cause of action affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice Faber at Special Term. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

The following is the opinion of the court below:

FABER, J. Motion for judgment dismissing the complaint on the ground that it fails to state a cause of action. The action is to recover damages for the

alleged conversion of certain shares of the capital stock of the defendant. The only contentions of the defendant which I deem necessary to consider on this motion are (1) that there has been no demand made for the return of the stock before suit was brought and (2) that there is no allegation in the complaint of ownership in the plaintiff at the time the conversion took place. The allegation in the complaint that " during the months of January and February, 1926," plaintiff owned the stock in question is a sufficient statement that the plaintiff was the owner of the stock on or about the 16th day of February, 1926, when the conversion is alleged to have happened, and it would seem unnecessary to enter into any discussion to convince one of that fact. As to the defendant's other contention that no demand was made the law seems to be well settled that such an allegation in the complaint is unnecessary. (*Bernstein* v. *Warland*, 33 Misc. 280; *Milligan* v. *Brooklyn Warehouse & Storage Co.*, 34 id. 55; *Industrial & General Trust* v. *Tod*, 170 N. Y. 233, 264, 265.) The complaint clearly states a cause of action for conversion, and the motion is, therefore, denied, with ten dollars costs, with leave to the defendant to answer within ten days.