TIMOTHY SHEA *vs.* INHABITANTS OF MILFORD & another.

Worcester.   Oct. 5, 1887. — Jan. 6, 1888.   C. ALLEN & KNOWLTON, JJ., absent.

B. made a contract with A., an owner of land, to build a house for A. on the land. Before the house was finished, A. requested B. to remove certain chattels, then on the land and used by B. in building the house, to another part of the land. B. unreasonably neglected to do so, and A. removed them to another part of the land, doing no unnecessary damage to them. *Held,* that even if B. had an unrevoked license to have the chattels on the land, he could not maintain an action against A. for their conversion.

TORT for the conversion of certain personal property. Trial in the Superior Court, before *Bacon,* J., who allowed a bill of exceptions, in substance as follows:

Evidence was introduced tending to show that the town of Milford, one of the defendants, contracted with the firm of Mead, Mason, and Company for the construction of a granite stone building for a Memorial Hall in Milford; that Mead, Mason, and Company sublet the stone-work to the plaintiff; that the defendant Swasey was the agent and architect for the town, and as such had the supervision of the building for said town under a contract with Mead, Mason, and Company; that the time for building said hall by the contract with Mead, Mason, and Company was from the making of the contract, in March, 1884, until April 1, 1885; that the contract with the plaintiff was until August 15, 1884; that the plaintiff did not complete his part of the work by August 15, but was requested by the contractors

and the town's agent, Swasey, to perform work included in the contract after said time had expired; and that Swasey requested the plaintiff to perform certain work upon the walls of said building after the alleged conversion of said property, which alleged conversion took place by the direction of Swasey, acting for the town, in April, 1885.

The property alleged to have been converted was the plaintiff's sheds, engine-house and engine, plank, staging, lime, cement, and other like personal property used by the plaintiff in the construction of said building, and which the plaintiff had placed upon the property of the defendant town under the license implied or conferred, as he alleged, in the contract for building said hall. The property alleged to have been converted was removed from where the plaintiff had used it during the erection of said building, and where he claimed the right to use it in the completion of the building, which he had contracted to do, and which the defendants had requested him to perform, to another part of the lot of the town ; and there was evidence tending to show that it was necessary for him to use the tools, implements, and other personal property in the completion of said contract.

The plaintiff asked the judge to rule, that so long as the plaintiff had the right of possession of the premises, either under the contract of the town with the general contractors, or with the plaintiff as sub-contractor, the defendants had no right to interfere with the plaintiff's reasonable use of the premises for his tools, implements, and machinery necessary to the proper performance of his work under said contract of the town.

The judge refused to rule as requested, but instructed the jury as follows: " The plaintiff, upon the evidence, had only an implied license to keep his engine and other property upon the property of the town, which might be at any time revoked altogether, or as to any particular portion of the lot. If the town, for any cause, required of the plaintiff the removal of that property from the lot, or from any particular part of the lot, and the plaintiff unreasonably neglected so to remove it, and thereupon the defendants removed it to another part of the lot, doing no unnecessary damage to the property, the plaintiff cannot recover."

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*W. A. Gile*, for the plaintiff.

*T. G. Kent & G. T. Dewey*, for the defendants.

W. ALLEN, J. The property of the plaintiff alleged to have been converted by the defendants was on land belonging to and occupied by the defendant town. The town requested the plaintiff to remove the property to another place on the same parcel of land, and the plaintiff refused to do so, whereupon the defendants removed it to the place assigned by the town. The instruction, that, if the plaintiff unreasonably neglected to remove the property, and the defendants removed it to another part of the lot, doing no unnecessary damage, the plaintiff could not recover, was sufficiently favorable to the plaintiff, even if he occupied under a license which had not been revoked. The evidence negatived a conversion of the property by the defendants, and showed that they claimed no title to it, assumed no dominion over it, and did nothing in derogation of the plaintiff's title to it, and that all that was claimed by the defendants was the right to remove the goods from one place to another on their own land. All that was done was in assertion of their right in the land, and in recognition of the plaintiff's right of property in the chattels. If the plaintiff had the right to occupy the land which he claimed, the act of the defendants was wrongful, and they would be liable to the plaintiff for damages for breach of contract, or for the trespass, but not for the value of property converted to their own use. *Farnsworth v. Lowery*, 134 Mass. 512. *Fouldes v. Willoughby*, 8 M. & W. 540. *Heald v. Carey*, 11 C. B. 977.

It is immaterial whether the plaintiff had an unrevoked license to occupy the land, and we express no opinion upon that question. *Exceptions overruled.*