[No. 4849. Decided February 16, 1905.]

JOHN BROWDER et al., *Appellants,* v. NELLIE PHINNEY, *Respondent.*[1]

LANDLORD AND TENANT—AGREEMENT FOR LEASE—INDEFINITE DESCRIPTION—VALIDITY—PART PERFORMANCE—FRAUDS, STATUTE OF. An agreement to lease premises which are indefinitely described, signed only by the agent of the owner, is not enforcible as a lease without a part performance sufficient to take the same out of the operation of the statute of frauds.

PLEADINGS—FRAUDS, STATUTE OF—PART PERFORMANCE OF LEASE—ADMISSIONS OF ANSWER. In an action for the reformation of a contract for a lease, which was void under the statute of frauds without part performance by the taking of possession, an answer affirmatively alleging a termination of what plaintiffs claimed to be a tenancy does not admit the taking of possession thereunder, where such taking was first specifically denied.

FRAUDS, STATUTE OF—INDEFINITE LEASE—EVIDENCE AS TO PART PERFORMANCE. Upon an issue as to whether there was part performance of an agreement for a lease by the taking of possession thereunder, evidence on behalf of the defendant is admissible to show the circumstances surrounding its execution, especially where the plaintiff seeks a reformation of the contract.

CONVERSION—RETURN OF PROPERTY—INSTRUCTIONS. In an action for the conversion of personal property, it is proper to refuse to instruct that a failure to return the goods to the place from which they were taken would authorize a verdict for the plaintiffs,

[1]Reported in 79 Pac. 598.

since a return was tendered to the plaintiffs at another place and
the goods stored in a warehouse in their name, which negatives
a conversion.

LANDLORD AND TENANT—TERMINATION OF TENANCY—EVIDENCE.
A termination of the tenancy is sufficiently shown by evidence to
the effect that repairs were begun and $2,000 expended by the
landlord after the tenants stated that they did not wish to longer
retain the premises.

Appeal from a judgment of the superior court for King
county, Bell, J., entered June 13, 1903, upon the verdict
of a jury rendered in favor of the defendant, after a trial
on the merits, dismissing an action for damages for an
eviction and a conversion of personal property. Affirmed.

*S. S. Langland* and *James E. Bradford,* for appellants.
*Piles, Donworth & Howe,* for respondent.

HADLEY, J.—This action was brought by appellants
against respondent to secure the reformation of a writ-
ten instrument, claimed to be a lease, and to recover dam-
ages, it being alleged that such damages resulted from
a wrongful eviction of appellants from the leased premises,
and from a conversion of certain personal property. The
instrument relied upon as amounting to a lease is as fol-
lows:

"August 31st, 1899.
"I hereby agree with Browder & Compton to lease
store rooms 1202 and 4 for a term of three years from
Oct. 1st 1899 at a monthly rental fifty dollars first year,
seventy five dollars second year and one hundred dollars
monthly per last year of said lease.
"Mrs. Nellie Phinney, By Daniel Jones, Agt."

It is alleged that, by inadvertence and mistake, the
premises were imperfectly described, in that "1204" was
intended to be inserted in place of the figure "4", and also
that the words "First Avenue, City of Seattle," were
omitted; that it was intended that the description should

read, "Rooms 1202 and 1204, First Avenue, City of Seattle." It is asked that the instrument shall be reformed in the above particular. It is alleged that appellants took possession of the premises under and in pursuance of said written instrument, and that they so remained in possession, until they were wrongfully evicted by respondent. The damages by reason of being deprived of the use of the premises are laid at $2,400, and for conversion of the personal property at $500. Other incidental damages are also alleged. The answer denies that there was any lease and tenancy as alleged, but admits the execution of the written instrument set out above. It also affirmatively alleges that appellants agreed with respondent that the tenancy which the former claimed by virtue of said written instrument should be terminated, and that such alleged tenancy was thereby terminated. The conversion of the personal property is denied. The cause was tried before the court and a jury, and resulted in a verdict for the defendant. Judgment was thereafter entered dismissing the action. The plaintiffs have appealed.

A number of assigned errors relate to the alleged improper admission of evidence, and are based upon the contention that evidence was improper to show the circumstances under which the above quoted written instrument was signed by the agent of respondent. The instrument does not purport upon its face to be a lease. It is no more than an agreement to lease premises which are indefinitely described, and which cannot be identified from the description itself. It is not signed by appellants, and does not purport to obligate them as lessees. Relief could not, therefore, be obtained by virtue of the instrument alone on the theory that it constituted a lease. In order to obtain the relief sought, and as growing out of this instrument, it was therefore necessary for appellants to estab-

lish a part performance of it. Such, we think, was made clear by this court in its opinion when this cause was here before. See *Browder v. Phinney,* 30 Wash. 74, 70 Pac. 264. In order to establish part performance, it was necessary for appellants to show that their possession of the premises was taken under the instrument sued upon. That fact was in issue under the pleadings. Respondent claims that appellants' occupancy was initiated some time before the execution of the instrument. Appellants urge that respondent's answer admits that possession was taken by virtue of the writing—notwithstanding it is first specifically denied—in that it is claimed the answer alleges that the tenancy under the lease was, by agreement, terminated. We do not so understand the answer. It is alleged that what appellants claimed as a tenancy under the writing was terminated by their own act; but it is not admitted to have been such a tenancy, and is referred to only as an alleged tenancy. If the possession of appellants was not referable to the instrument in suit, or if their occupancy was but the continuance of a possession which existed prior to the signing of the instrument, then there was no such part performance as would take the case out of the statute of frauds. Inasmuch as it was necessary to show that possession was taken under this instrument, in order to establish part performance, it follows that evidence was admissible to show the circumstances surrounding the execution of the instrument, so that the jury might determine whether, by the instrument, the parties contemplated a change of possession, or whether it was executed for an entirely different purpose. Furthermore, appellants do not stand upon the instrument as written, but they ask that it be reformed, and that they be awarded relief upon it as reformed. They therefore claim the right to introduce parol evidence for the purpose

of showing what the true agreement was. Such being true, they are not in a position to object to the introduction of evidence to show the circumstances under which the writing was made. The court did not err in this particular.

It is assigned that the court erred in not giving to the jury appellants' requested instruction number 5. The requested instruction related to appellants' right to recover the value of the goods which it was claimed were converted, and was as follows:

"You are also instructed that, if you find that plaintiffs were wrongfully dispossessed of said premises and their goods were put out and carted away by the defendants against the consent of plaintiffs, and were never put back again to the place from which she took them, then you will assess as special additional damages in such an amount as the said goods were at that time reasonably worth."

Such an instruction would have been erroneous, even if there had been evidence to sustain a finding of conversion. It assumes a state of facts that does not constitute conversion. It merely comprehends a taking from the premises without consent, and a failure to return the goods to the place from which they were taken. It would require the jury to find that there was a conversion, and to return damages for the full value of the goods, even though they might have been actually returned to appellants at some other place than that from which they were taken. The undisputed evidence in the case shows that that was just what occurred. Respondent caused the goods to be carefully loaded upon a dray, and taken to the place of business of Browder & Compton, of which firm the appellant Browder was a member. An effort was made to place the goods in Mr. Browder's place of business, but he refused to permit it. This was followed by an effort to place them upon the sidewalk in front of Browder's place of business, but the latter admits that he stood upon the side-

walk with a loaded shot gun and threatened to shoot any man who placed the goods there. Thereafter respondent caused the goods to be stored in a warehouse in appellants' names. Such was not a conversion. The evidence of appellant Browder himself negatived any attempt to convert the property. *Sparks v. Purdy,* 11 Mo. 142; *Shea v. Milford,* 145 Mass. 525, 14 N. E. 769. Appellants, being bound by that testimony, were not, therefore, entitled to have the matter of conversion submitted to the jury, and in no event would they have been entitled to the erroneous instruction asked.

Errors are urged upon the instructions that were given, but we think they fully and fairly covered the issues, and that the law of the case was properly stated to the jury.

It is urged that it was error to deny the motion for new trial, for reasons already discussed, and, also, on the ground that the verdict is not sustained by the evidence. The weight of the evidence was for the jury. The issue was squarely made, both in the pleadings and evidence, that appellants agreed upon the termination of any tenancy they may have had. Even though their occupancy may have been referable to the written instrument in suit, yet there was direct and positive evidence to the effect that Browder, who spoke for the appellant firm, agreed upon a termination of appellants' tenancy. The testimony was that respondent's agents inquired of Browder as to whether appellants intended to retain the premises any longer, and, if not, they informed him that respondent desired to make extensive improvements; that Browder replied that appellants did not intend to retain the premises longer, and that respondent could do with them as she pleased. Thereupon respondent entered upon the premises, and proceeded to make general changes and improvements to the value of about $2,000. Meantime a few of appellants' goods re-

mained in the building, and it was the removal of those, in the manner aforesaid, which appellants claim was a conversion. If the jury believed the above testimony, it was sufficient to sustain a verdict for respondent, on the ground that appellants cannot now be heard to say that they did not agree upon a termination of their tenancy, no matter whether it was initiated by the written instrument in suit, or otherwise.

· The verdict being sufficiently sustained by evidence, we shall not disturb it.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.