CECILIA C. GAERTNER *vs.* MARY J. DONNELLY, trustee.

Suffolk.   April 7, 1936. — December 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Landlord and Tenant,* Existence of relation.   *License.*

One having by contract the right merely to maintain a sign on a roof on payment of what was designated in the contract as "rental", the owner retaining possession and having the use of the roof for every other purpose, was a licensee, not a tenant, of the owner, and was not liable to him in an action for "use and occupation."

CONTRACT.   Writ in the Municipal Court of the City of Boston dated May 6, 1935.

The action was heard by *Brackett,* J., who found for the plaintiff in the sum of $60.   A report to the Appellate Division was ordered dismissed.   The defendant appealed.

*J. M. Maloney,* for the defendant.

*F. G. Arey,* for the plaintiff.

DONAHUE, J.   The plaintiff's declaration is on an account annexed for "use and occupation for sign privileges of roof located at 237 Tremont and 112 Stewart Sts. payable in advance      April 1, 1935 to May 1, 1935      $30.   May 1, 1935 to June 1, 1935      30."

The trial judge in the Municipal Court of the City of Boston found that "prior to April 1, 1935, the plaintiff entered into a contract with the defendant . . . whereby the latter agreed to pay for the use of said roof for sign purposes the sum of $30 per month," that "the amount to be paid" was "referred to in correspondence interchanged between the parties as 'rental'" and that "the defendant actually occupied said roof for sign purposes for

the months of April and May, 1935, for the purposes agreed upon, without paying the monthly rental stipulated." He found for the plaintiff in the sum of $60 and reported his refusal of requests for rulings filed by the defendant to the Appellate Division, where an order was entered dismissing the report.

The defendant's requests for rulings were to the effect that on all the evidence and the pleadings the plaintiff could not recover, specifying as the grounds for the requests that the relation of landlord and tenant did not exist between the parties, that it was necessary such a relationship should exist to enable the plaintiff to recover in an action for use and occupation of real estate and that the relation of the defendant to the plaintiff was that of a licensee and not that of a tenant.

The judge refused these requests, the report stating as a reason that he "did not find the facts upon which said requests were predicated." There was no express finding that the relationship of landlord and tenant existed but it would seem that the denial of the requests for the reason given necessarily involved such a finding. In any event the requests were based on "all the evidence and the pleadings" and the question whether on the evidence there could be a recovery under the pleadings was presented.

The declaration sought recovery for "use and occupation" (G. L. [Ter. Ed.] c. 231, § 147), a form of pleading which describes a claim for rent under a demise. *Warren v. Ferdinand*, 9 Allen, 357. "In order to maintain assumpsit for the use and occupation of land, something in the nature of a demise must be shown, or some evidence given to establish the relation of landlord and tenant." *Central Mills Co. v. Hart*, 124 Mass. 123, 125. *Glickman v. Commonwealth*, 244 Mass. 148, 150.

The evidence in the present case did not warrant the finding of a demise or that the relation of landlord and tenant existed. No evidence was offered by the defendant. The plaintiff introduced evidence to the effect that for several years prior to April, 1935, the defendant had maintained an ordinary roof sign on the plaintiff's roof and had

made various payments for the privilege of maintaining the sign, that the only use of the roof given to the defendant was to maintain and use the sign and that the plaintiff had the use of the roof for every other purpose.

The mere fact that the parties in their negotiations referred to the amount to be paid monthly as "rental" is not enough to afford the basis for a finding that the relationship of landlord and tenant was created. The evidence as to the arrangement made by the parties and as to the use in fact made of the roof by the defendant goes no further than to warrant the finding of a license to the defendant to erect and maintain the sign. Possession of the roof was retained by the plaintiff. She had the rights and was subject to the obligations incident to the right of control of the roof. In these circumstances it is settled under our decisions that the relationship of landlord and tenant does not exist and that the plaintiff therefore cannot recover on a declaration asserting a right to recover for use and occupation. *Jones* v. *Donnelly,* 221 Mass. 213. See also *Lowell* v. *Strahan,* 145 Mass. 1; *Roberts* v. *Lynn Ice Co.* 187 Mass. 402.

On the evidence it appears that the plaintiff ought to be entitled to recover in some form of action. We are of the opinion that the plaintiff should have leave to apply for an amendment to the declaration substituting a declaration based on the contract of license. If within twenty days after the filing of the rescript in the Municipal Court of the City of Boston a motion thus to amend the declaration is there allowed the case is to stand for trial, otherwise the order dismissing the report is reversed and judgment is to be entered for the defendant (*New York Central & Hudson River Railroad* v. *Clarke,* 228 Mass. 274, 280).

<div align="right">

*So ordered.*