RICHARD R. FREEMAN *vs.* CROWELL & THURLOW, INC.

Suffolk.    December 9, 1936. — February 23, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* Requests, rulings and instructions.

A request for a "ruling" was rightly denied where it amounted to a demand for a finding for the plaintiff on all the evidence and the evidence did not require such a finding as matter of law.

A request for a ruling was rightly denied where it was based upon facts, some of which were not proved and others of which the judge was not required to find.

A request for a ruling good only in part properly may be denied as a whole.

CONTRACT. Writ in the Superior Court dated June 21, 1932.

The action was heard without a jury by *Fosdick*, J., who found for the defendant. The plaintiff alleged exceptions.

*J. E. O'Connell*, for the plaintiff.

*A. Sigel*, for the defendant.

PIERCE, J. This is an action of contract to recover $5,975. It was tried in the Superior Court without a jury, under an amended declaration, which was allowed by the judge at the completion of the evidence and before argument.

In count 1 of the original declaration it is alleged, in substance, that the defendant corporation was indebted to the plaintiff for his share of the profits of the defendant corporation for the years 1929 and 1930. The plaintiff's brief asserts no right against the defendant under count 1, and bases his alleged right upon the allegations contained in count 2 of the amended declaration. Count 2 reads: "And the plaintiff says that he was a director of the defendant corporation and was employed by said defendant corporation as assistant treasurer and to assist in the management of its business; that, in pursuance of said contract of employment, your plaintiff performed the duties of director and assistant manager for the period beginning January 1, 1926, to and including February 16, 1931; and your plaintiff says the defendant agreed to pay him for the services rendered to it by him; that, although due and proper demand has been made upon the defendant for said payment, the defendant has refused to pay the same, and still refuses to pay the same, and that there is due and owing to the plaintiff the sum of . . . $5,975 according to the account annexed and marked 'A'."

At the close of the evidence the plaintiff requested the judge to rule: "1. That the defendant owes the plaintiff . . . $5,975 with interest thereon at six . . . per cent";

"4. That the failure of the defendant officials to collect debts due to the corporation in 1928, 1929, 1930, 1931 and 1932 cannot be used as a bar to prevent the plaintiff from recovering the amounts shown on the books as due him"; "6. That President L. K. Thurlow recognized the corporation indebtedness to Richard R. Freeman." The judge denied these requests, not stating at the time, expressly or by fair inference, either that the legal propositions presented in the several requests were unsound or inapplicable or that the facts upon which they were predicated were not found to be true. Several months later he amended his findings by adding to the statement of findings and rulings, after the word "denied," the words, "not being applicable to the facts as I find them." The plaintiff duly excepted to the judge's refusal to give the requested rulings. The judge found for the defendant.

All the material evidence appears in the bill of exceptions, and, if believed by the judge, warranted the finding of the following facts: The defendant corporation was incorporated in 1925. Lewis K. Thurlow was elected president and treasurer, and Richard R. Freeman was elected vice-president and assistant treasurer, and these men with one Paul Thurlow became the directors, and held their respective positions and offices from 1926 to 1931. All the capital stock was held by these three men. The plaintiff continued as a stockholder and director until February, 1931, when he sold his stock to Lewis K. Thurlow and severed his connection with the defendant. During the direct examination of the plaintiff it was admitted by the defendant that demand was made upon it in May, 1931, for the money which the plaintiff claimed was owed him.

The plaintiff testified that the directors met whenever there was anything to bring before a meeting; that they may have met once in 1929; that there was no record of any directors' meeting in the corporation records; that he did not remember any formal meeting of the board of directors after 1928; that at the end of each year they had a statement of the profit and loss account placed before them; that following the annual meeting of April 30, 1929,

a stockholders' vote was passed confirming and approving all acts of the directors for the past corporate year; that in the year 1925 there was a directors' meeting at which he was voted a salary of $4,000, which was paid; that in the year 1926 he was voted a salary of $7,000, which was paid; that there was no record of a directors' meeting "of any other year in which he was voted any money at all"; that there was no directors' meeting "at any subsequent time when he was voted any money"; that he was seeking to recover money, not for salaries, but for a proportionate share of the profits under an agreement; that he severed his connection with the defendant corporation in 1931, there being not enough work to keep him busy and no money in the treasury; that at the end of each year a certain amount of the profits was allotted to the members of the corporation and they drew on it as they wanted it; that he received a share of the profits in 1926 and in 1927, about $1,000 in 1928, and nothing in 1929; that he believed $2,500 was allotted to him in 1929 and $2,500 in 1930; and that there was credited on the books $5,975 to his account.

One George W. Sargent, bookkeeper for the defendant corporation since its organization, and keeper of books in the regular course of the defendant's business, testified, for the plaintiff, that the balance sheets for the year 1929 showed a balance of $9,474.54, which included certain liabilities and profits of the corporation, including $3,500 to the plaintiff, as of December 31, 1930; that the plaintiff had drawn $25; and that on December 31, 1930, there was credited to him $3,500, and it was there for him to draw; that he had no recollection of being present at any of the meetings testified to by the plaintiff; that he remembered no meeting at which Thurlow, Freeman and he sat down and allocated profits; that he put credits down in the books as instructed by Thurlow, "and set up as salary"; that he did not know why they were set up that way; that he did not "know as . . . [he] was ever given any special instructions about it"; that on January 21, 1931, the liabilities of the corporation were about $41,340 in round figures; and that at that time there was an overdraft of $442.

The director Paul Thurlow testified that he was never notified of any directors' meeting testified to by the plaintiff, and was never present at any of the informal meetings testified to by the plaintiff; and that in 1925 and 1926 the directors held meetings at which salaries were allocated.

It is plain on the above testimony that the trial judge could find that there was no directors' meeting after the years 1925 and 1926 at which the plaintiff was voted any money for salary or allocation of profits for subsequent years.

The practice of denying requests for rulings because they are not applicable on the unreported facts found by the judge is unsound and should not be continued. *Bresnick* v. *Heath*, 292 Mass. 293, 298. *Markiewicz* v. *Toton*, 292 Mass. 434, 437. *Commonwealth* v. *Hull*, *ante*, 327, 336, 337. See *MacDonald* v. *Adamian*, 294 Mass. 187.

The requests numbered 1, 4 and 6, above quoted, whether they were for findings of fact, as the defendant contends, or for rulings of law upon the facts which the judge should find, were denied rightly. The first request was denied rightly for the reason that it demanded a finding on the whole case in favor of the plaintiff. The fourth request was denied rightly because there were no "defendant officials" and there was evidence that the corporation owed Thurlow as much as the commissions which he had not turned over would amount to. Admittedly there were no debts owed to the corporation in 1931 or 1932. The judge was not bound to split up the request and give part of it. Finally, the request assumes the fact of debts to the corporation, failure to collect them, and amounts shown on the books as due the plaintiff. It is plain the judge was not obliged to find any of these facts, yet by giving the request as phrased he would have to accept them. The sixth request was not for a ruling but for a finding.

*Exceptions overruled.*