## MAUD I. ORCUTT *vs.* PETER SIGNOUIN.

Middlesex.       October 5, 1937. — February 17, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, COX, & RONAN, JJ.

License. *Negligence,* One owning or controlling real estate, Toward invitee of licensee. *Evidence,* Competency; Opinion: expert.

Evidence, that the owner of a building, in which was conducted a store with a defective front step that caused an injury to the plaintiff, a customer at the store, at one time himself conducted the store and later "sold it" and that the purchaser from him sold it to the proprietor who was in occupancy at the time of the plaintiff's injury under an agreement whereby the owner was to make all repairs, warranted a finding that the relation between the owner and the proprietor was not that of landlord and tenant but was one of licensor and licensee which placed upon the owner a duty to use ordinary care to keep the premises in a reasonably safe condition for use by customers of the store.

Testimony of a plaintiff, injured by a defective step, respecting its defective condition when she saw it upon her first return to the premises after her injury was not made inadmissible by the fact that she testified that such return was three or four weeks after her injury, where there was other evidence that the time of her return was within a few hours after her injury.

Testimony that, after injury to the plaintiff through a fall on a defective step, there was a hole in the step, that the wood was splintered around the hole, and that in front it was "dark looking" and elsewhere "clear looking," was admissible as stating facts observed and not an opinion.

Tort. Writ in the District Court of Lowell dated January 5, 1928.

A report by *Hill*, J., who found for the plaintiff in the sum of $3,000, was ordered dismissed by the Appellate Division for the Northern District. The defendant appealed.

The case was argued in this court before *Rugg*, C.J., *Field, Donahue & Lummus*, JJ., and, after the death of *Rugg*, C.J., was submitted on briefs to *Dolan, Cox & Ronan*, JJ.

*D. H. Fulton*, for the defendant.

*F. M. Qua*, for the plaintiff.

Donahue, J. The plaintiff seeks to recover damages for personal injuries received by her as the result of the breaking of a portion of a step or platform which provided an entrance to a store, conducted by one Fatticanti, in a building owned by the defendant. The plaintiff had made a purchase in the store and was on her way to the street when the overhanging edge of the step or platform broke and she fell upon the sidewalk.

The case was tried before the judge of a district court. He found for the plaintiff and reported to the Appellate Division his "rulings and refusals to rule as requested" by the defendant, and there the report was ordered dismissed.

The report states that the judge "made the following specific findings of fact: 1. The defendant was the owner of the premises No. 355 Bridge Street, Lowell, which, at the time of the accident, were occupied by one Fatticanti. 2. The defendant retained the control of said premises and made all repairs, both inside and outside. 3. On a certain day in September, 1927, as the plaintiff came out of the

store on said premises and as she was passing over the outside step or platform, the overhanging edge of the step or platform gave way under her weight, causing her to fall and injure her knee. 4. The overhanging edge of the step or platform was in an unsafe condition at the time and this condition was the cause of the accident. For some time previously the edge of the step had been giving away in places. The defendant knew of this condition. At the time Fatticanti began to occupy the store, the step or platform was in good condition. 5. The plaintiff was in the exercise of due care at the time of the accident."

At the close of the evidence at the trial the defendant filed nine requests for rulings. One of the requests was: "Upon all the evidence the only duty that reposed upon the defendant was to use ordinary care to keep the premises in a reasonably safe condition." This was granted. The defendant then asked, and was given permission, to file at a later time additional requests for rulings and later filed eight more requests for rulings. They all contained the assumption that the relationship of landlord and tenant existed between the defendant owner of the building and the occupant of the store. The judge denied all these eight requests for the stated reason that they were inapplicable to the facts found by him. He did not include in the findings of fact filed by him a finding as to the character of the relationship existing between the defendant and the occupant. The practice of a judge who has denied requests for rulings on the ground that they are inapplicable to the facts which he has found, without making it clear what facts he did find, has frequently been condemned. *Commonwealth* v. *Hull,* 296 Mass. 327, 336. *Mericantante* v. *Boston & Maine Railroad,* 291 Mass. 261, 263. *Freeman* v. *Crowell & Thurlow, Inc.* 296 Mass. 514, 518. See *Mazmanian* v. *Kuken,* 285 Mass. 516, 518.

In the present instance we think enough appears in the record to indicate that the judge found the relationship of landlord and tenant did not exist between the defendant and the occupant of the store. The denial of the eight requests, all of which contain the common factor of the

assumption that the relation of landlord and tenant existed, has a tendency to show that the judge found such relationship did not exist. That is likewise indicated by the judge's granting of the defendant's second request: "Upon all the evidence the only duty that reposed upon the defendant was to use ordinary care to keep the premises in a reasonably safe condition." This expresses the duty to one occupying premises under a license, not that of a landlord in the ordinary relation of landlord and tenant. We need not consider whether there was evidence that would warrant the finding that the relationship of landlord and tenant existed. The judge was not bound to find that to be a fact. *Simpson* v. *Eastern Massachusetts Street Railway*, 292 Mass. 562, 566.

The evidence with respect to the character of the relationship existing between the defendant and the occupant was somewhat meagre. It is here fully set out. The defendant, who was called as a witness by the plaintiff, testified as follows: He had owned the building where the store was located for five years at the time of the plaintiff's accident; "at one time he ran the store himself . . . there came a time when he stopped running the store himself." He was asked: "You let it then to Mr. Beaudry?" and answered: "I sold it." Beaudry ran the store for some time and then sold it to Fatticanti. When the defendant "stopped running the store and Beaudry or Fatticanti took it over it was the understanding that he, the defendant, was to do the repairing, all of the repairs, inside and outside . . . he did all the repairing, all the time, while Beaudry was there and Fatticanti was there, and nobody else did any repairing." He testified that within a week after the accident he sawed off the projecting edge of the step or platform "because it wasn't safe . . . the wood was rotten" where the projection was, though the rest of the wood was sound. A witness who had been a clerk in the store while Beaudry and while Fatticanti ran it, testified he had seen the defendant make repairs in the store and never saw anyone else make repairs.

It is clear from the evidence that some relationship

existed between the defendant owner and the occupant of the store. The inference is warranted that Fatticanti was occupying the premises and there conducting the store with the consent of the defendant. Furthermore, there was a definite agreement with regard to the making of repairs. The judge in effect found that the relationship of landlord and tenant did not exist. That being so, there was no demise whereby the right of control of the premises, which rested in the defendant by virtue of his ownership, passed to the occupant, Fatticanti.

We are of the opinion that the evidence, with reasonable inferences therefrom, warranted a finding that Fatticanti was occupying the premises at the time of the plaintiff's fall as a licensee of the defendant. See Am. Law Inst. Restatement: Torts, § 330, c, d; *Percival* v. *Chase*, 182 Mass. 371, 375; *Roberts* v. *Lynn Ice Co.* 187 Mass. 402, 406; *Grasselli Dyestuff Corp.* v. *John Campbell & Co.* 259 Mass. 103, 107; *Gaertner* v. *Donnelly*, 296 Mass. 260, 262. That the judge so found is shown by his ruling that the obligation resting on the defendant was to use ordinary care to keep his premises in reasonably safe condition. That is the obligation as to using care which the owner of premises who has given a license for their use owes to the licensee and to persons using the premises in the right of the licensee and for purposes contemplated when the license was granted. *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300, 302, and cases cited.

There was evidence warranting findings that for some time prior to the plaintiff's fall there was an apparent defect in the step or platform which might have been discovered by reasonable care on the part of the defendant, that the defendant failed to use adequate care to keep the step or platform in a reasonably safe condition for the purpose for which it was to be used, and that the plaintiff was in the exercise of due care.

We find no error in the admission of evidence. The plaintiff testified that when she first returned to the premises after the accident she saw a hole in the step where her foot had gone through, that the wood was splintered around

the hole, and that in front it was "dark looking" and elsewhere "clear looking." She also testified that her first visit to the premises after her injury was three or four weeks after that time. There was evidence tending to contradict her testimony as to when she made such first visit. A witness testified that the plaintiff returned to the premises a few hours after she fell, and the defendant testified that within a week after the fall he sawed off the projecting part of the step or platform where the wood was rotten. The plaintiff was not bound by her testimony as to the time she first visited the premises after the accident. *Hill* v. *West End Street Railway*, 158 Mass. 458, 459. *Horneman* v. *Brown*, 286 Mass. 65, 70, 71. The plaintiff's testimony, above recited, as to the appearance of the step or platform when she first returned to the premises after her fall was descriptive of things seen by her and not the expression of an opinion. *Blake* v. *Great Atlantic & Pacific Tea Co.* 266 Mass. 12. *Lund* v. *Tyngsborough*, 9 Cush. 36.

*Order dismissing report affirmed.*