Estes, P. J.
In this action of tort the plaintiff’s wife, with his permission, was using hi® car to go to church. The defendant, driving an ice truck, drove “a few feet beyond the plaintiff’s driveway” on Byron Road in' the town of Weymouth. For the purpose of turning around he backed his truck about six feet into' the plaintiff’s driveway and was “driving back into the street” when the rear of" his truck was struck by the rear of 'the plaintiff’s automobile, which was operated by his wife.
The plaintiff seeks to recover from the defendant for the ensuing damage to his automobile.
The court filed a written finding that “I find that the collision happened in the driveway mentioned in the" evidence; that negligence of each driver concurred in causing the accident. I find' that if either driver had used due care, the accident would not have happened;. The plaintiff is the owner and I rule he is' not prevented from recovery *16 under .the circumstances of this case,” and found for the plaintiff.
The defendant has argued that the negligence of the plaintiff’s wife must be imputed to him. He ignores the decision in Nash & Lang, 268 Mass. 407, and the cases since, deciding that the negligence of a bailee doe's not bar recovery by a bailor who is not present and who is free from any negligence.
We think this principal has ‘been so thoroughly decided in Nash & Lang and subsequent cases that further discussion is of no value. There was evidence on which the court could decide that his wife was the plaintiff’s bailee, and that he, as bailor, was free from negligence.
However, the Judge gave requests of the defendant to which the plaintiff raised no objection. So far as they are requests for rulings of law they became the- law of the case. As requests for findings of facts, 'the facts were so found, and the court is forced to accept them. Freeman vs. Crowell & Thurlow, Inc., 296 Mass. 514 at 518. The Court here granted requests and therefore found that (1) “it was not negligence for the defendant to back into the driveway . . ., if the plaintiff’s car was in 'the garage . . .,” Request 8, (2) “the plaintiff’s ear was in the garage when the plaintiff started to back into the driveway,” Request 12, (3) “the defendant had turned and was driving back into the street when the plaintiff’s car ran into the truck,” Requests 15, 16 & 17, (4) no “wrongful” act of the defendant contributed to the accident, Requests 18, 19, (5) “the presence of the defendant’s truck on the plaintiff’s private property, of itself, was simply the occasion and not a proximate cause of the accident,” Request 22.
The Court ruled that “the defendant might reasonably assume that if 'the car was .backed out of the garage-, the driver would see the truck .. . .,” Request 11, but found *17 that the defendant did not “act with due care when he backed into the driveway after observing that the driveway was clear and that the plaintiff’s oar was standing in the garage,” Request 9. In s'o finding he said “See Special findings,” as he did in ruling that the defendant might not “reasonably assume ¡that the- plaintiff’s car would remain in the garage during the short time it would take him to turn his truck,” Request 10, but he found “there is no evidence that any violation of the plaintiff’s rights in the driveway was a proximate cause of 'the accident,” Requests 21 and 24.
The Court found on ample evidence that 'the driver of the plaintiff’s ear was negligent and that such negligence was the proximate cause of the accident.
We find nothing in the report on which the court could find that the defendant was: negligent, or that any act of hisi “concurred in causing 'the accident.” We find that the findings, as indicated by the granting of requests made by .the defendant, show that no negligence of the defendant contributed to the cause of 'the accident. No facts are set forth in the “special” findings on which to base a finding that the defendant was negligent. Freeman vs. Crowell & Thurlow, Inc. supra, also see Parke vs. Morin, 304 Mass. 35 at 41.
The finding for the plaintiff is vacated and finding for the defendant ordered.