WINIFRED J. WILLETT *vs.* ANDREW PILOTTE
(and a companion case[1]).

Middlesex.     October 7, 1952. — January 5, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Real Property*, License. *Negligence*, Invited person, One owning or controlling real estate, Licensor, Snow and ice, Licensee, Contributory. *Snow and Ice*. *Estoppel*.

An oral permission given by a lessee of the entire premises of a gasoline filling station to use temporarily for the sale of Christmas trees such space, otherwise undefined, as might be available on the premises without interference with the filling station business, together with access to that space, constituted the seller of the trees a licensee and not a tenant of the lessee. [612]

A business customer of a licensee of premises using them in the licensee's right for a purpose for which the licensor had been paid by the licensee was as to the licensor an invitee to whom the licensor owed a duty to exercise reasonable care to put and maintain the premises in a reasonably safe condition for such use. [613]

Evidence of the circumstances in which, after a lessee of the premises of a gasoline filling station had for consideration licensed the use of space on the premises for the sale of Christmas trees, together with access to

─────────────

[1] The companion case is by the same plaintiff against Leonard E. Gendron.

such space, a customer of the licensee, while on the premises purchasing a tree, slipped and fell on a patch of rutted ice covered with needles and debris from the trees warranted a finding of negligence on the part of both the licensor and the licensee toward the customer and did not require a ruling that the customer was guilty of contributory negligence. [613-615]

Evidence did not warrant a finding that a lessee of the premises of a gasoline filling station, who had licensed the use of space on the premises for the sale of Christmas trees, was estopped as against a customer of the licensee to deny that he, the licensor, was conducting the business of selling trees. [613-614]

Two ACTIONS OF TORT. Writs in the Superior Court dated April 14, 1948.

The actions were tried before *Morton*, J.

*Clement McCarthy*, for the plaintiff.

*Richard K. Donahue*, for the defendant Gendron.

*Alfred Sigel*, for the defendant Pilotte.

RONAN, J. The jury returned verdicts for the defendants in these actions, one against Pilotte and the other against Gendron, to recover damages for personal injuries caused by the plaintiff slipping upon ice while she was purchasing a Christmas tree from Gendron who was using for the sale of trees a location upon certain premises of a gasoline filling station in accordance with an arrangement which he had made with Pilotte, the lessee of the entire premises. The plaintiff excepted to portions of the instructions given to the jury.

Gendron was given oral permission about December 10, 1947, in consideration of $20 paid to Pilotte, to have the use of a space in the filling station premises for the sale of Christmas trees, with the understanding that so long as he did not interfere with the approaches to the gasoline and tire pumps he could take any part of the premises he desired. He took a space near the rest house where automobiles were parked, and at night when there were fewer automobiles parked there he could take more space. According to Gendron "he hired no fixed area" and "it was a sort of a loose arrangement whereby he would take whatever space seemed to be available." Pilotte did not care what area Gendron

took so long as he did not interfere with Pilotte's business. He had no objection to Gendron's customers walking up to the space where the trees were sold, and Gendron, his employees, and customers had the right to use the rest rooms. Pilotte understood that Gendron could have a two or three car space "not because of anything said or written," and at times it might have been a four or two car space, "there was no hard and fast rule." The whole area including the driveways into the station and around the pumps was under his supervision and control, and he had plows come in whenever there was snow or ice and had it cleared away.

The judge instructed the jury that the relation between Pilotte and Gendron was that of landlord and tenant, and upon that basis charged the jury as to the liability of each of the defendants. He refused to leave to the jury the issue whether the status of the defendants as to each other was that of licensor and licensee.

There was error.

The oral permission granted to Gendron to use some part of the premises for the purpose of selling trees did not give him any interest in the land. Nor did he acquire any exclusive possession of it. No definite area was designated for his use. Where he was to ply his trade depended upon what space might be available after the prior needs of Pilotte were satisfied. Gendron was to adapt himself as best he could to whatever location was left for a site for setting up and maintaining his Christmas tree stand during the two weeks he contemplated conducting the business. All he obtained from Pilotte was a privilege or a license to do so. *Johnson* v. *Wilkinson*, 139 Mass. 3. *Shea* v. *Milford*, 145 Mass. 525. *DeMontague* v. *Bacharach*, 181 Mass. 256. *R. H. White Co.* v. *Jerome H. Remick & Co.* 198 Mass. 41. *Jones* v. *Donnelly*, 221 Mass. 213. *Grasselli Dyestuff Corp.* v. *John Campbell & Co.* 259 Mass. 103. *Gaertner* v. *Donnelly*, 296 Mass. 260. *Scioscia* v. *Iovieno*, 318 Mass. 601. The interpretation of the oral contract which Pilotte and Gendron had made, when the terms have been found by the jury, presented a question of law. *Roberts* v. *Lynn Ice Co.* 187 Mass. 402,

408. The jury should have been instructed as to what it was necessary for the plaintiff to prove to constitute a licensor-licensee relation between the defendants and, if such was found, they should have been instructed as to the duties owed to the plaintiff.

Pilotte had for a consideration licensed Gendron to use a part of Pilotte's premises to set up and sell Christmas trees together with the right to use the approaches upon the premises which led to the place where the trees were exhibited and displayed. The use granted to Gendron involved the passage by his customers to and from his business stand. It could be found that the plaintiff was a business visitor as to Pilotte as she was using the premises in the right of Gendron for a purpose for which Pilotte was paid. The plaintiff testified that she was about half way up the driveway toward the trees at a place where she was standing and being waited upon when she slipped on the ice. It is the duty of a paid licensor to exercise reasonable care to put and maintain his premises in a reasonably safe condition for those using them for the purpose for which they had been licensed. *Wendell* v. *Baxter,* 12 Gray, 494. *Oxford* v. *Leathe,* 165 Mass. 254. *Rockport* v. *Rockport Granite Co.* 177 Mass. 246. *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300. *Orcutt* v. *Signouin,* 302 Mass. 373.

There was evidence of negligence upon the part of Pilotte. It could be found that Pilotte had possession and control of the place of the accident. It was snowing at the time of the accident, but the fall of snow was so slight that one could see the ice which was hard packed containing ruts two or three inches deep. It therefore could be found that the ice was there long enough so that Pilotte knew or ought to have known of its existence, and that he should have removed it, sanded it, or taken some other measures to protect the customers of Gendron who might unknowingly encounter the danger. *Frost* v. *McCarthy,* 200 Mass. 445. *Guinevan* v. *Checker Taxi Co.* 289 Mass. 295. *Lanagan* v. *Jordan Marsh Co.* 324 Mass. 540.

There was a sign on the filling station which bore the name

of the defendant Pilotte. His employees wore a distinctive outer garment which bore in large letters the name of a gasoline company. Gendron and his employees wore civilian clothes. There is nothing suggesting, much less showing, that the plaintiff entered the premises and purchased the tree in reliance upon the thought that she was dealing with Pilotte. This meager evidence does not support the plaintiff's contention that a finding was warranted that Pilotte was estopped to deny that he was conducting the tree business. *Ventromile* v. *Malden Electric Co.* 317 Mass. 132, 136.

The plaintiff was a customer of Gendron and he cannot escape liability merely because he was a licensee if negligence upon his part caused injury to the plaintiff. There was evidence that the trees were tied up into compact bundles and that when they were removed from the bundles the branches of the trees were spread out so that the customer could see their natural shape and form. An employee had brought six trees to where the plaintiff was standing, shook the trees, and spread them out, and she finally selected one, and after she took her money out of her pocketbook to pay for it she slipped and fell. She noticed as the trees were shaken and spread out that snow, ice, twigs, and needles fell to the ground. After she fell she observed that the place where she slipped was a patch three or four feet wide on a slant which was dirty looking covered with packed ice with ruts two to three inches deep covered with pine needles and debris from the trees. It was a question of fact whether the condition just described was due to the negligence of Gendron. Furthermore, if the accident happened outside of the area used by Gendron, it was his duty to warn her of any danger that she might encounter in using the driveway, which he knew or might have known and which she would not be expected to know. A breach of the duty which Gendron owed to his customer could be found upon the evidence. *Kelley* v. *W. D. Quimby & Co. Inc.* 227 Mass. 93. *Rouillard* v. *Canadian Klondike Club, Inc.* 316 Mass. 11.

It could not be ruled as matter of law that the plaintiff

was guilty of contributory negligence. An invitation to a customer carries with it an implication that the premises are in a reasonably safe condition for him to enter, *Frost* v. *McCarthy,* 200 Mass. 445, 447–448, and the fact that she knew or ought to have known that there was a patch of ice in her path which she attempted to pass over or stand upon was not conclusive or decisive that she was negligent. *Mello* v. *Peabody,* 305 Mass. 373. *Watts* v. *Rhodes,* 325 Mass. 697.

The exceptions of the plaintiff must be sustained in each case.

*So ordered.*