*Southern Division*

### CHESTER RUDNICKI
v.
### JOHN DEFRANCESCO
### AND
### CARMELA DEFRANCESCO

*Present:* Nash, P. J., Welch and Callan, JJ.

Case tried to ————, *J.,* in the District Court of Northern Norfolk. No. 33644 and 36801.

*Callan, J.* These two cases were tried together. Case No. 33644 is an action of tort for conversion of carpenters' tools and other personal property of the plaintiff. Case No. 36801 is a contract action on an account annexed for work, labor and materials supplied and furnished to the defendants, for property left on the defendants' property and not returned to the plaintiff, legal expenses and a count for *quantum meruit.* In both cases the defendant answered by way of a general denial and plea of *res judicata.*

*The evidence tended to show that* the defendants were the owners of land in Norwood and the plaintiff was engaged to build a house on the premises. Sometime prior to June 7, 1950, the defendant, John DeFrancesco, hereinafter referred to as the husband, orally agreed with the plaintiff to have him build a ranch type house. The plaintiff applied for and received a building permit.

On June 12, 1950, the plaintiff and the husband executed a written building contract under which the plaintiff agreed to build a house in a substantial and workmanlike manner, in accordance with the plans and specifications that were incorporated therein. There was evidence that the husband and the

defendant Carmela, hereinafter referred to as the wife, requested certain changes to be made as the house progressed. As the work progressed payments were made to the plaintiff on account. The work was done in a workmanlike manner, but after January 3, 1951, the plaintiff was prevented from going on to the premises to remove his tools and other personal property. There was also evidence that the building was never completed and that whatever work was done was not done in a workmanlike manner.

On January 15, 1951, the husband filed against the plaintiff in the Superior Court, a petition for a declaratory judgment alleging that the plaintiff had not, under the written contract, performed his work in a workmanlike manner and had failed to perform the other obligations imposed upon him under the contract, and that he should be relieved from payment.

A final decree was entered on June 16, 1953 "that the petitioner did not waive any of the conditions of the contract nor did he assent to the changes made by the respondent (plaintiff in this case) or to the type and kind of workmen or work employed, or performed by the respondent; that the respondent had failed in the performance or the substantial performance of his contract with the petitioner and as a result thereof the petitioner is relieved of all obligation and liability under said contract."

In the tort action the plaintiff filed requests for rulings, four of which were denied as not being in accordance with the judge's finding of facts. The defendant filed no requests. A

finding in this case was for the defendant for the reason, as stated by the judge, that the plaintiff had not sustained the burden of proof.

In the contract action the plaintiff filed twenty-one requests for rulings, seventeen of which were denied. These were denied because they involved facts inconsistent with the facts found by the judge in his special findings. A finding was made for the plaintiff against the husband in the amount of $182.00 and in favor of the wife so far as the action against her is concerned. Being aggrieved by the failure to grant the plaintiff's requests for rulings in each case and by the finding of the trial judge the plaintiff claims a report to the Appellate Division.

■ It is clear that the parties incorporated all previous oral agreements in the written contract.

■ As the wife was not a party to the petition for a declaratory judgment the doctrine of *res judicata* is not applicable to her.

The matter involved in that litigation sought to have determined the rights and obligations under the same written contract which is involved in this case. It was decreed that the husband had not waived any of the conditions of the contract and did not assent to the changes made by the plaintiff and further, that the plaintiff has failed in the performance of his obligations under the contract. The entire matter has been adjudicated and precludes the plaintiff from the recovery

against the husband under the contract or on a *quantum meruit* as well as for any changes made by the plaintiff so far as the contract is concerned.

The second item of the account annexed is for "extras" and the judge found that as to some of the items claimed as "extras" the plaintiff did not sustain the burden of proof, as some involved "changes." Two items which the judge found to be "extras" amounted to $182.00. As to the other items in the account annexed the judge found the plaintiff had not proved the same and denied recovery.

In our opinion the plaintiff is not entitled to recover even for the so-called "extras." The auditor to whom the Superior Court case was referred found that three change orders in writing were given to the plaintiff increasing the contract amount by $182.00 and that the materials and labor called for in the changes were supplied by the plaintiff. The auditor's report was confirmed. These items appear to be the same as the items found by the judge to be "extras" upon which he awarded $182.00.

All matters upon which recovery is sought by the plaintiff in this action have accordingly been litigated so far as the husband is concerned. A judgment or decree is conclusive evidence of the facts therein decided in all subsequent suits between the same parties. It is conclusive on every issue that was or might have been litigated. *Magaw v. Beals,* 272 Mass. 334; *Franklin v. North Weymouth Cooperative Bank,* 283 Mass. 275;

*Boston & Maine Railroad v. T. Stuart & Son Co.,* 236 Mass. 98; *Drain v. Brookline Savings Bank,* 327 Mass. 435; *Reynolds v. Remick,* 336 Mass. 1.

The judge found there was no proof that the wife entered into any oral or written agreement with the plaintiff or assumed liability for any change.

The plaintiff was not prejudiced by the judge's denial of the requests for rulings, in either case, as they involve facts contrary to those found by him. *Bresnick v. Heath,* 292 Mass. 293; *Markiewicz v. Toten,* 292 Mass. 434, 437; *Orcutt v. Sigouin,* 302 Mass. 373, 375.

There should be a finding for the defendant, John DeFrancesco in the contract action and accordingly the finding made by the judge is vacated and a finding in Case No. 36801 is to be entered for the defendant, John DeFrancesco. The finding made by the judge in this case for the defendant, Carmella DeFrancesco shall stand. The finding made in the tort action No. 33644 shall stand.

*So ordered.*

Halice Howlitz, for the Plaintiff.
Richard I. Gottlieb, of Boston, for the Defendant.