124 N.J. Super. 135 (1973)
305 A.2d 83
BERTHA SCHRAMM AND GEORGE SCHRAMM, PLAINTIFFS-RESPONDENTS,
v.
ARSENAL ESSO STATION, DEFENDANT-RESPONDENT, AND KRAUSZER'S VENDING, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1973.
Decided May 24, 1973.
*136 Before Judges COLLESTER, LEONARD and HALPERN.
Mr. Herbert C. Klein argued the cause for appellant Krauszer's Vending, Inc. (Messrs. Krieger and Klein, attorneys; Mr. William J. Pollinger, on the brief).
Mr. Philip M. Lustbader argued the cause for respondent Arsenal Esso Station (Mr. David Lustbader, of counsel).
The opinion of the court was delivered by LEONARD, J.A.D.
In this personal injury, slip-and-fall case, defendant Krauszer's Vending, Inc. (Krauszer's) appeals from a final judgment entered in favor of plaintiff Bertha Schramm in the sum of $5,000 and against defendants Krauszer's and Arsenal Esso Station (Arsenal), jointly and severally. Krauszer's also appeals from an order denying its motion for indemnification from Arsenal.
The trial was bifurcated and resulted in a jury verdict on the issue of liability in favor of plaintiff and against both defendants. Thereafter, the parties waived a jury trial *137 as to damages and the above-noted final judgment was entered, without prejudice, however, to Krauszer's right to appeal the liability aspect of the case.
On February 13, 1969, at or about 1 A.M., plaintiff drove to the Arsenal Esso station to purchase some milk from a milk machine located on the premises, as she had previously done on an average of two to three times a week. When she arrived, the station was closed for business. However, bright lights illuminated the milk machine. She parked her car, walked down a path to the machine, found it empty and was returning to her car through another path when she slipped and fell on the ice or snow accumulated on the premises. It had snowed 6.3 inches four days before the accident and 4.3 inches three days before.
Arsenal owned the service station. Krauszer's owned the milk machine, which had been placed on the premises some eight or nine years ago pursuant to an oral agreement between the parties. Krauszer's paid Arsenal one cent for each quart of milk sold, plus $12 a month to cover electricity costs. Krauszer's maintained the machine, the shelter which housed it, as well as the attached lights. Krauszer's placed milk in the machine almost daily at 8 A.M. It had been loaded on the day of the accident and on the preceding day.
During the years Arsenal cleared the premises of snow and ice. Even though there was no express agreement with respect to the area in front of the milk machine, Arsenal included it in its clearing operations.
The foreman of the jury in announcing the verdict stated that the jury found that "both defendants are guilty of negligence in the maintenance of the milk machine area * * *."
On this appeal Krauszer's first contends that it owed no duty to plaintiff and was therefore not liable for plaintiff's injuries as a matter of law. It argues that the relationship between it and Arsenal was that of licensor-licensee and by reason thereof it was not in possession of, nor did it have *138 control of, any portion of Arsenal's premises. This contention and the argument in support thereof are without merit.
We assume, without deciding, that the relationship between defendants was that of licensor-licensee. Nevertheless, Krauszer's, independent of any duty owed by Arsenal, owed a duty to those members of the public whom it openly invited to make use of the milk machine to use reasonable care to maintain in a reasonably safe condition that area of the premises in the immediate locale of the machine, as well as the direct access ways to and from it. See Willett v. Pilotte, 329 Mass. 610, 109 N.E.2d 840 (Sup. Jud. Ct. 1953); Hill v. Chesapeake & Potomac Telephone Co., 42 App. D.C. 170, 51 L.R.A. N.S. 1072, Ann. Cas. 1915D, 1085 (1914).
Green v. Southern Bell Tel. & Tel. Co., La., 204 So.2d 648 (La. Ct. App. 1967), cert. den. 251 La. 859, 206 So.2d 711 (Sup. Ct. 1968), and Sullivan v. New York Telephone Co., 157 App. Div. 642, 142 N.Y.S. 735 (App. Div. 1913), aff'd o.b. 160 App. Div. 928, 145 N.Y.S. 1147 (App. Div. 1914), relied upon by Krauszer's, are both factually inapposite.
Under the existing circumstances, the court correctly denied defendants' motion for a dismissal of plaintiffs' case against it and the jury verdict finding both defendants jointly and severally liable was legally proper. Cf. Krug v. Wanner, 28 N.J. 174, 182-183 (1958). By reason of the above, we find no plain error in the judge's charge.
Defendant Krauszer's next contention that its negligence was only secondary to Arsenal's and therefore Krauszer's is entitled to indemnification from Arsenal, is without merit. The trial judge correctly held that a party seeking common law indemnification from another must be without personal fault. See Adler's Quality Baking, Inc. v. Gaseteria, Inc., 32 N.J. 55, 79-81 (1960); Public Service Elec. and Gas Co. v. Waldroup, 38 N.J. Super. 419, 432 (App. Div. 1955); Hut v. Antonio v. Guth, 95 N.J. Super. 62, 69-70 *139 (Law Div. 1967); Restatement, Restitution, § 96 (1937). Thus, the jury's finding that both defendants were negligent bars Krauszer's from indemnity against Arsenal.
Affirmed.